```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVIS JAMES,

                    Plaintiff,
                                                              ORDER
         -against-                                            13-CV-2344(JFB)(WDW)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
DIVISION OF PAROLE, BILL HENDERSON,
P. MURPHY, SUFFOLK COUNTY SHERIFF
DEMARCO,

                    Defendants.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 2 0 2013   ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On April 4, 2013, incarcerated *pro se* plaintiff Travis James ("plaintiff") filed an *in forma pauperis* civil rights complaint against the Suffolk County Correctional Facility ("SCCF"), the Division of Parole, Bill Henderson, P. Murphy, and Suffolk County Sheriff DeMarco, pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff did not submit the required Prisoner Authorization Form at the time he filed his complaint. Accordingly, the Court sent plaintiff a Notice of Deficiency, dated April 18, 2013, advising plaintiff that, in order to proceed with his case, he must complete and return the enclosed form within fourteen days. In response to the Court's notice, plaintiff submitted an unsigned and undated letter advising that he does not intend to complete the Prisoner Authorization Form because he is "unable to pay the fee." Accordingly, the Court sent plaintiff a letter, dated April 26, 2013, advising that plaintiff's case will not proceed unless and until he signs and submits a completed Prisoner Authorization Form. On May 7, 2013, plaintiff submitted a signed and completed Prisoner Authorization Form.

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's claims against the SCCF and the Division of Parole are dismissed with prejudice, but the claims against defendants Henderson, P. Murphy, and Sheriff DeMarco are dismissed without prejudice, and plaintiff is granted leave to replead against those individuals, as well as against the County of Suffolk, in an amended complaint within 30 days of this Order.

## BACKGROUND

Plaintiff's brief handwritten complaint submitted on the Court's Section 1983 complaint form, though difficult to discern, purports to allege claims arising from two separate incidents. First, plaintiff appears to allege claims of false arrest and malicious prosecution arising from an alleged parole violation. (Compl. ¶¶ IV, IV.A.) While housed at the SCCF on March 5, 2012,[1] plaintiff alleges to have been assaulted by other inmates. (*Id.*; *see also* James Letter, dated Mar. 28, 2013, annexed to the complaint.) Plaintiff's statement of claim alleges, in its entirety:[2]

> I was paroled to a resident were parol approved my
> address were there was an order of protection an
> incedent happen then they turn around and violate
> me my second (2nd) incedent were I was in S.C.C.F.
> were I was assalted by inmates sustained injuries &
> stiches over my lip, back injury, knee injury and left
> side injury. also 13 stiches over my rite eye.

(Compl. ¶ IV.) Plaintiff has annexed to his complaint two letters written by him, dated March 22, 2013 and March 28, 2013, respectively. The first letter, addressed "to whom it may

---

[1] Though plaintiff claims his injuries were sustained in 2012, it appears that the alleged incident occurred in 2013 given that he was arrested on August 3, 2012. *See* www.nycourts.gov/webcrim (last visited May 14, 2013).

[2] Plaintiff's Statement of Claim has been reproduced here exactly as it appears in the complaint. Spelling, punctuation and grammatical errors have not been corrected or noted.

2

concern," challenges plaintiff's on-going prosecution for his alleged violation of an order of protection and seeks the dismissal of those charges "in the interest of justice." (*See* James Letter, dated Mar. 22, 2013.) The second letter has no addressee and generally complains that plaintiff was injured on March 5, 2012, while housed at the Suffolk County Correctional Facility's Riverhead jail and assigned to the 4th Floor, "W/N Side." (*See* James Letter, dated Mar. 28, 2013.) According to plaintiff, that housing area is intended for "serious, high profile crimes and gang affiliated crimes" and not for the general population. (*Id.*) Plaintiff then describes injuries he allegedly suffered, but does not provide any insight as to how those injuries were sustained or who was involved. (*Id.*) For relief, plaintiff seeks to recover unspecified damages for "pain and suffering" and requests physical therapy for his alleged injuries. (Compl. ¶ V.)

## DISCUSSION

I. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II. <u>28 U.S.C. § 1915 Standard</u>

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Aschcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of

4

state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,' . . . ." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010).

Here, although plaintiff seeks to sue Bill Henderson, P. Murphy and Sheriff DeMarco, he has not alleged any conduct attributable to anyone. Nor has plaintiff alleged any facts sufficient for the Court to liberally construe a deprivation of plaintiff's constitutional rights. Moreover, insofar as plaintiff seeks to impose liability against the SCCF, such entity is merely an administrative arm of Suffolk County without an independent legal identity. Wiggins v. Suffolk Cnty. Correctional Facility, No. 13-CV-0569(JS)(WDW), 2013 WL 1833260, *4 (E.D.N.Y. May 1, 2013); Butler v. Suffolk Cnty. Correctional Facility Med. Center, No. 11-CV-1463(JFB)(ETB), 2013 WL 193065, *1 n. 1 (Mar. 22, 2013). Thus, the SCCF lacks the

5

capacity to be sued. To the extent that the Court liberally construes the complaint to allege a Section 1983 claim against Suffolk County, it too is implausible. It is well-established that "a municipal entity may only be held liable where the entity itself commits a wrong; 'a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" Pooler v. Hempstead Police Dept., 897 F. Supp.2d 12, 20-21 (E.D.N.Y. 2012) (citing Monell v. Dep't of Social Serv. of the City of N.Y., 436 U.S. 658, 691 (1978)); see also Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006) ("Monell does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*."); Vippolis v. Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d][him] to be subjected,' to the deprivation of his constitutional rights." (quoting 42 U.S.C. § 1983)). Accordingly, given that plaintiff made no allegations of a municipal policy, practice or custom in his complaint, he has failed to allege a plausible Section 1983 claim against Suffolk County.

Moreover, to the extent that plaintiff seeks to recover monetary damages from the Division of Parole, such claims are barred by sovereign immunity. Marmot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court . . . .").

## LEAVE TO RE-PLEAD

In light of the pleading deficiencies noted above, the Court has considered whether plaintiff should be given an opportunity to re-plead. The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

As discussed *supra*, based on the allegations in plaintiff's complaint, the Court is unable to determine (1) what alleged constitutional deprivation forms the basis for plaintiff's Section 1983 claim; (2) whether defendants Henderson, P. Murphy, and Sheriff DeMarco were personally involved in the alleged constitutional deprivation; and (3) whether plaintiff has a plausible *Monell* claim against Suffolk County. Accordingly, the Court affords plaintiff leave to re-plead the substance of his Section 1983 claim against defendants Henderson, P. Murphy, and Sheriff DeMarco, as well as his *Monell* claim against Suffolk County. In so doing, plaintiff must attempt to plead what specific constitutional rights defendants Henderson, P. Murphy, and Sheriff DeMarco violated, how the individuals were personally involved in the deprivation of those constitutional rights, and what municipal custom or policy the County maintains that subjects it to *Monell* liability.[3]

For the reasons discussed above, the SCCF lacks the capacity to be sued and any claim

---

[3] The Court notes that, although it grants plaintiff leave to re-plead his *Monell* claim, in the event plaintiff is again unable to adequately allege any underlying constitutional violation to his Section 1983 claims, the Court will not address Suffolk County's liability under *Monell*. See Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

7

for monetary damages against the Division of Parole is barred by sovereign immunity. Accordingly, it is abundantly clear that any attempt to re-plead those particular claims would be futile. See Cuoco, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Re-pleading would thus be futile. Such a futile request should be denied."); see also Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Plaintiff is therefore not afforded leave to re-plead his claims against those particular entities.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth above, plaintiff's claims against the SCCF and the Division of Parole are dismissed with prejudice, but the claims against defendants Henderson, P. Murphy, and Sheriff DeMarco are dismissed without prejudice, and plaintiff is granted leave to replead against those individuals, as well as against the County of Suffolk, in an amended complaint within 30 days of this Order.

Failure to file an amended complaint will result in the dismissal of this action, and the case will be closed. No summons shall issue at this time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

8

therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: June 20, 2013
Central Islip, New York