UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRAVIS JAMES,

            Plaintiff,

    -against-

SUFFOLK COUNTY CORRECTIONAL
FACILITY et al.,

            Defendants.
----------------------------------------------------------X
TRAVIS JAMES,

            Plaintiff,

    – against –

SUFFOLK COUNTY CORRECTIONAL
FACILITY et al.,

            Defendants.
----------------------------------------------------------X

ORDER
13-CV-2344(JFB)(WDW)

ORDER
13-CV-5011 (JFB) (WDW)

JOSEPH F. BIANCO, District Judge:

Plaintiff filed his complaint in 12-CV-2344 on April 4, 2013. By Order dated June 20, 2013, this Court dismissed the claims against the Suffolk County Correctional Facility ("SCCF") and the Division of Parole with prejudice, and dismissed the remainder of the claims without prejudice. The Court granted plaintiff leave to file an amended complaint within 30 days of the date of the June 20, 2013 Order. Because plaintiff failed to timely file an amended complaint, by Order dated August 9, 2013, this Court dismissed the case for failure to prosecute. However, upon receipt of plaintiff's letter dated August 16, 2013, explaining his failure to timely file an amended complaint, the Court issued an Order, dated August 27, 2013, vacating the August 9, 2013 Order, reopening 12-CV-2344, and directing plaintiff to file an amended complaint within 30 days. The Court warned plaintiff that failure to file an amended complaint would result in

dismissal of the action and the case would be closed.

On September 4, 2013, plaintiff filed a complaint in a new case, 13-CV-5011. The complaint is brought against most of the same defendants in 13-CV-2344, and alleges the same claims concerning the same underlying incident as were alleged in the earlier complaint. This complaint is signed and dated on August 25, 2013, two days before the undersigned directed plaintiff to file an amended complaint in the original case. Because it appeared that the new complaint was intended to amend the complaint filed in the earlier action, the Court, by Order dated September 13, 2013, directed plaintiff to respond in writing and show cause as to why the Court should not construe his complaint assigned docket number 13-CV-5011 as the amended complaint in his earlier case, 13-CV-2344.

By letter dated September 30, 2013, plaintiff informed the Court that the complaint assigned docket number 13-CV-5011 is in fact the amended complaint that the Court directed him to file in 13-CV-2344.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). Cases may also be consolidated even where, as here, there are differences in the causes of action. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). The paramount concern is thus whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the

3

first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, the same plaintiff brings the same claims (related to the same underlying incident) against largely the same defendants. The two cases clearly have the same issues of law and fact in common. *See Johnson*, 899 F.2d at 1284; *Devlin*, 175 F.3d at 130. Moreover, the fact that there are some different parties in the two actions does not mean that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. In addition, plaintiff represented to the Court that the complaint he filed on September 4, 2013, assigned docket number 13-CV-5011, is meant to be the amended complaint in 13-CV-2344. Thus, the Court, in its discretion, has determined that the interests of judicial economy will be served by consolidation. Accordingly,

IT IS HEREBY ORDERED that 13-CV-2344 and 13-CV-5011 shall be consolidated. The clerk of the court shall docket the pleading filed as the complaint in 13-CV-5011 as an amended complaint on the lead case, 13-CV-2344, and then close 13-CV-5011 and docket all future orders in either case under 13-CV-2344, the first-filed lawsuit.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: October 1, 2013
Central Islip, New York