# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 13-CV-2344 (JFB)(SIL)

Travis James,

Plaintiff,

versus

Suffolk County Correctional Facility, et al.,

Defendants.

**MEMORANDUM AND ORDER**
September 17, 2014

Joseph F. Bianco, District Judge:

*Pro se* plaintiff Travis James ("plaintiff") brings this 42 U.S.C. § 1983 action against defendants Suffolk County Correctional Facility ("SCCF"), the Division of Parole, Parole Officer Bill Henderson ("Henderson"), Parole Officer Murphy ("Murphy"), Parole Officer T. Mangiaracina ("Mangiaracina"), Suffolk County Sheriff Vincent DeMarco ("DeMarco"), and several John Doe Officers. As relevant at this juncture, plaintiff seeks damages against Henderson, Murphy, and Mangiaracina (collectively, "the parole officers") for issuing a warrant against plaintiff for violating the conditions of his parole.[1] (*See* Amended Complaint ("AC"), p. 6.) The parole officers move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified and sovereign immunity. For the following reasons, the Court dismisses any claims against the parole officers in their official capacities, because those claims are barred under the Eleventh Amendment. The Court denies the motion to dismiss the individual defendants, in their individual capacities, on qualified immunity grounds. In their motion papers, defendants argue that qualified immunity is warranted because, at a minimum, arguable probable cause existed for the arrest on the parole violation. However, defendants submitted no documents to support that assertion and, in any event, the Court could not consider evidence of that nature (outside the pleadings) on a motion to dismiss. The denial of the motion to dismiss on qualified immunity grounds as to the individual defendants in their individual capacities is without prejudice to a future summary judgment motion on that issue.

---

[1] Plaintiff brings different claims against DeMarco, who filed an answer on November 6, 2013. The Court dismissed SCCF and the Division of Parole with prejudice in an Order dated June 20, 2013.

I. APPOINTMENT OF COUNSEL

As a threshold matter, plaintiff's application for appointment of counsel is denied.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61. A developed record assists the court in this regard. *See, e.g.*, *Brooks v. New York*, No. 92–CV–1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy *Hodge*'s required threshold showing of likely merit).

Plaintiff commenced this action for deprivation of his constitutional rights under the color of state law by defendants. The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation, because plaintiff has not satisfied the threshold requirement of *Hodge*, 802 F.2d at 61. Moreover, even apart from the threshold requirement, the Court is unable to conclude, after considering the above referenced *Hodge* factors in the context of the plaintiff's application and complaint, at this juncture in the litigation, that the appointment of counsel is warranted. Specifically, the appointment of counsel is unnecessary for the issues raised in the complaint and the motion to dismiss. Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at a later stage of these proceedings, if circumstances warrant such an application.

II. BACKGROUND

A. Factual Allegations

The Court takes the following facts from the amended complaint. These are not findings of fact by the Court; instead, the Court assumes these facts to be true for purposes of deciding the pending motion and construes them in a light most favorable to plaintiff, the non-moving party.

Plaintiff was incarcerated from November 9, 2011 through July 9, 2012. (AC, p. 6.) After his release, he reported as directed to a parole officer within 24 hours. (*Id.*) After a few weeks, plaintiff was told to report to Riverhead to see Mangiaracina. (*Id.*) Sometime later, plaintiff was arrested for a parole violation while at an address where officers had made home visits. (*Id.*) Plaintiff claims that he was arrested for being at that address even though the Division of Parole—specifically, Mangiaracina—had approved his presence there. (*Id.*) Plaintiff appears to allege claims of false arrest and malicious prosecution.[2]

B.  Procedural Background

Plaintiff filed the complaint on April 4, 2013. On June 20, 2013, the Court *sua sponte* dismissed the complaint against SCCF and the Division of Parole with prejudice, and dismissed the claims against Henderson, Murphy, and DeMarco without prejudice. On June 9, 2013, the Court dismissed the case for failure to prosecute, but after receiving a letter from plaintiff on August 19, 2013, the Court reopened the case on August 27, 2013. Plaintiff filed the amended complaint on September 4, 2013. The parole officers were served on October 23, 2013. The parole officers requested a pre-motion conference in anticipation of moving to dismiss on November 25, 2013. They filed their motion on December 2, 2013. Plaintiff opposed on January 15, 2014.

---

[2] It appears that plaintiff is being held on local charges and for parole violations. (*See* Motion Br., at 1.) According to the parole officers, the final parole revocation hearing on plaintiff's "most recent" parole violation charges was scheduled for December 25, 2013. (*Id.*) The exact circumstances are unclear; the movants have submitted no documentary evidence, and plaintiff's opposition is sparse.

The parole officers did not reply. On April 3, 2014, plaintiff moved for appointment of counsel. On September 10, 2014, plaintiff submitted a letter to the Court containing additional information about medical claims. The matter is fully submitted.

III.  STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second,

3

if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556–57 (internal citation omitted)).

Where, as here, a plaintiff proceeds *pro se*, the Court must construe the complaint liberally in the plaintiff's favor. *See, e.g.*, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (applying *Iqbal* and *Twombly* standard to *pro se* complaint).

IV. DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979). To prevail on a claim under § 1983, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted).

The parole officers argue that the claims are barred by the doctrine of qualified immunity and the Eleventh Amendment. Plaintiff opposes, and he notes that the parole officers' motion was untimely. The Court addresses each issue in turn.

A. Untimely Motion

Plaintiff argues that the motion should be denied because the parole officers untimely submitted their motion to dismiss. The summons was executed on October 17, 2013, and the pre-motion conference was belatedly requested on November 25, 2013. "When deciding whether to relieve a party from default . . ., [a court will] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Although the parole officers have offered no plausible explanation for their delayed response, there is no evidence that it was willful, and they have raised potentially meritorious defenses in their motion. In addition, discovery has not yet begun, and the delay was not significant. Thus, there is no prejudice. Finally, the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by

4

default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Accordingly, in its discretion, the Court shall excuse the untimely filing.

B.     Sovereign Immunity

The parole officers argue that the claims against them in their official capacities are barred under the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . . " *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits for damages against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06–CV–5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").

New York State has not waived its immunity and there has been no statutory waiver. *See, e.g.*, *Marmot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("New York has not consented to § 1983 suits in federal court . . . ."). Moreover, the Division of Parole is a state agency entitled to Eleventh Amendment immunity. *See Chapman v. New York*, No. 11–CV–1814 (ENV) (LB), 2011 WL 4244209, at *2 (E.D.N.Y Sept. 14, 2011) (dismissing claims against New York and New York State Division of Parole on Eleventh Amendment immunity grounds (citing *McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001))). Plaintiff's lawsuit is brought against individual state parole officers. Thus, to the extent plaintiff is suing the officers for damages in their official capacity, the claims must be dismissed with prejudice because defendants are entitled to Eleventh Amendment immunity. *Will*, 491 U.S. at 71.

C.     Qualified Immunity

The parole officers argue that they are entitled to dismissal of the claims against them in their individual capacities on the grounds of qualified immunity.

1.     Legal Standard

Government actors may be shielded from liability for civil damages by qualified immunity, *i.e.*, if their "conduct did not violate plaintiff's clearly established rights, or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights."

5

*Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003); *see also Fielding v. Tollaksen*, 257 F. App'x 400, 401 (2d Cir. 2007) ("The police officers, in turn, are protected by qualified immunity if their actions do not violate clearly established law, or it was objectively reasonable for them to believe that their actions did not violate the law."). As the Second Circuit has noted, "[t]his doctrine is said to be justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *McClellan v. Smith*, 439 F.3d 137, 147 (2d Cir. 2006) (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). Thus, qualified immunity is not merely a defense, but rather is also "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, the availability of qualified immunity should similarly be decided by a court "[a]t the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Nonetheless, the Second Circuit has emphasized that "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also McCray v. City of New York*, Nos. 03-CV-9685, 03-CV-9974, 03-CV-10080, 2007 WL 4352748, at *18 (S.D.N.Y. Dec. 11, 2007) ("A defendant asserting a qualified immunity defense at the 12(b)(6) stage . . . faces a formidable hurdle. Because the evidence supporting a finding of qualified immunity is normally adduced during the discovery process and at trial, the defense of qualified immunity [usually] cannot support the grant of a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted." (internal citations and quotation marks omitted)). In particular, the facts supporting the defense must be clear from the face of the complaint. In addition, in such situations, "plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.*

2. Application

The parole officers argue that the claims must be dismissed under the objective reasonableness standard because "it can hardly be in dispute that sufficient evidence existed to charge Plaintiff with violating the conditions of his parole, or that no officer of reasonable competence could believe that probable cause existed to charge the Plaintiff with violating his parole after he had been arrested by the State Police and charged with two felonies, a misdemeanor and a violation for crimes unrelated to his [post release supervision]." (Motion Br., at 4–5.)

The fundamental shortcoming with the motion is that the Court cannot credit the above assertion at this juncture. In adjudicating this motion under Rule 12(b)(6), the Court may consider the following: (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference; (2) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference; (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint; (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission; and

(5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *E.g. Jones v. Nickens*, 961 F. Supp. 2d 475, 483 (E.D.N.Y. 2013); *David Lerner Assocs., Inc. v. Phila. Indem. Ins. Co.*, 934 F. Supp. 2d 533, 539 (E.D.N.Y. 2013), *aff'd*, 542 F. App'x 89 (2d Cir. 2013); *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 934 F. Supp. 2d 516, 524 (E.D.N.Y. 2013), *aff'd*, 548 F. App'x 741 (2d Cir. 2014). Here, no judicially noticeable documents or facts support the parole officers' assertion regarding plaintiff's current status and why he was arrested for the parole violation. Thus, the Court denies the motion to dismiss on qualified immunity grounds, without prejudice to defendants raising this issue in a summary judgment motion.

## V. CONCLUSION

For the foregoing reasons, the Court dismisses the claims against the parole officers in their official capacities, and denies the motion to dismiss the claims against them in their individual capacities. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court requests that Magistrate Judge Locke supervise the discovery process with respect to the medical indifference claims against Suffolk County Sheriff Vincent DeMarco[3] and the claims relating to the parole violation as to the individual defendants.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:   September 17, 2014
         Central Islip, NY

∗∗∗

Plaintiff proceeds *pro se*. Defendants are represented by Eric T. Shniederman, Attorney General of the State of New York, by Lori Pack, Assistant Attorney General, 300 Motor Parkway, Suite 230, Hauppauge, NY 11788.

---

[3] Plaintiff submitted a letter, dated September 10, 2014, containing additional information regarding his medical claims.