F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 17 2018   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVIS JAMES,                                     :
                                                  :
                              Plaintiff,          :
                                                  :         ORDER
        -against-                                 :         13-CV-2344 (JFB) (SIL)
                                                  :
SUFFOLK COUNTY CORRECTIONAL                        :
FACILITY, et al.,                                 :
                                                  :
                              Defendants.         :
-----------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On June 26, 2018, Magistrate Judge Steven I. Locke issued a Report and

Recommendation ("R&R," Dkt. No. 95), recommending that the motion for leave to file a

second amended complaint filed by *pro se* plaintiff Travis James ("plaintiff") be denied, the

motion for summary judgment filed by defendants Suffolk County Sheriff Vincent DeMarco and

Suffolk County ("defendants") be granted, and plaintiff's amended complaint be dismissed with

prejudice.   The R&R was served on plaintiff on July 6, 2018.   (Dkt. No. 96.)[1]   The R&R

---

[1] The Court notes that, although defendants' certificate of service reflects that the R&R was served on plaintiff at his address of record at Orleans Correctional Facility (Dkt. No. 96), it appears that plaintiff was released from that facility on parole on January 8, 2018 (*see* Dkt. No. 94 (returning the Court's April 6, 2018 Order referring these motions to Judge Locke as undeliverable, with the envelope marked "Return to Sender," "Attempted – Not Known," "Unable to Forward," and "parole 1/8/18")); *see also* New York State Department of Corrections and Community Supervision, Inmate Information, nysdoccslookup.doccs.ny.gov (providing that plaintiff was released from Orleans Correctional Facility on January 8, 2018, on "Parole – Cond Rel to Parole"). However, it is plaintiff's responsibility to keep the Court apprised of his current address—a responsibility that plaintiff was advised of at the beginning of this case (*see* Dkt. No. 6), and that plaintiff apparently understood, having submitted multiple notices of change of address to the Court over the course of the litigation (*see* Dkt. Nos. 28, 29, 34, 35, 45, 65)—and plaintiff failed to do so here. *See Alomar v. Recard*, No. 07-CV-5654 (CS)(PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" (quoting *Handlin v. Garvey*, No. 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996))); *Garner v. Owens*, No. 08-CV-222 (CBA)(LB), 2008 WL 5191908, at *2 (E.D.N.Y. Dec. 9, 2008) ("When a party changes addresses, it is his or her obligation to notify the Court of the new address."); *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) ("[I]t is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute."). In any event, plaintiff submitted a declaration in response to defendants' motion for summary judgment (*see* Dkt. No. 91), and the Court has conducted a *de novo* review of the R&R and would independently reach the same result for the reasons set forth in the R&R.

instructed that any objections to the R&R be submitted within fourteen days of its receipt. (R&R at 35.) The date for filing any objections has thus expired, and no party has filed an objection to the R&R. For the reason set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the record and applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a second amended complaint (Dkt. No. 85) is denied, defendants' motion for summary judgment (Dkt.

No. 82) is granted, and plaintiff's amended complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS FURTHER ORDERED that counsel for defendants shall serve a copy of this Order on plaintiff and file proof of service with the Court.

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: August 17, 2018
       Central Islip, New York

3